IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEN MAYLE, ) | |
| ) | |
| Plaintiff, ) | Case No. 18 C 2924 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| THE STATE OF ILLINOIS and DIRECTOR ) | |
| NIRAV D. SHAH, M.D., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Ken Mayle, a self-proclaimed Satanist, has sued the State of Illinois and Nirav D. Shah, M.D., in his official capacity as Director of the Illinois Department of Public Health, challenging Illinois' bigamy, adultery, and fornication statutes under the First and Fourteenth Amendments to the United States Constitution. Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of standing and failure to state a claim. For the reasons that follow, the court grants defendants' motion. Plaintiff's challenge to the bigamy statute is precluded by a judgment against him in an earlier case and, in any event, fails to state a claim. Plaintiff lacks standing to bring a pre-enforcement challenge to the adulty and fornication statutes.

## BACKGROUND

Plaintiff alleges that he is a Satanist and is influenced by Aleister Crowley, the Profit of Thelema. Satanists use sex magick religious rituals which, according to plaintiff, are in violation of Illinois' adultery and fornication laws. In addition, plaintiff wants to marry more than one person, which would put him in violation of Illinois' bigamy law and adultery law.

Plaintiff claims that he reasonably fears that he may be subject to criminal prosecution if he follows his beliefs.

## DISCUSSION

This is not the first time plaintiff has challenged in federal court the constitutionality of the Illinois bigamy, adultery and fornication laws. In January 2017 he filed a strikingly similar complaint against David Orr, in his official capacity as Cook County Clerk of the Court, Lisa Madigan, in her official capacity as Attorney General of the State of Illinois, and Bruce Rauner, in his official capacity as Governor of the State of Illinois. Mayle v. Orr, 17 C 0049 (N.D. Ill.). That complaint raised the same claims and same issues as the instant complaint. Then District Judge St. Eve, to whom that case was assigned, held that plaintiff's challenge to the state's bigamy law, 720 ILCS 5/11-45 failed to state a claim. Judge St. Eve assumed that plaintiff had Article III standing to challenge that statute, but concluded that his claim is "foreclosed by long-standing Supreme Court precedent. Id. at Doc. 28, p.2-3 (citing Reynolds v. United States, 98 U.S. 145 (1897); Paris Adult Theater I v. Slaton, 413 U.S. 49, 68 n.15 (1973).

Plaintiff did not appeal that ruling. Consequently, his challenge to the bigamy statute in the instant case is precluded by federal collateral estoppel (issue preclusion) and/or res judicata.[1] Under federal common law, issue preclusion applies when: (1) the issue sought to be precluded is the same as the issue in the prior litigation; (2) the issue was actually litigated in the prior litigation; (3) the determination of the issue was essential to the final judgment; and (4) the party

---

[1] The parties incorrectly cite to Illinois law on preclusion. Because the prior proceeding was in federal court, federal preclusion law applies. "The preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, 553 U.S. 880, 891 (2008).

against whom estoppel is invoked had a full and fair opportunity to litigate the issue in the prior litigation. Adams v. City of Indianapolis, 742 F.3d 720, 736 (7th Cir. 2014). The doctrine of res judicata, a broader preclusion doctrine, has three elements: (1) an identity of the parties or their privies in the first and second lawsuits; (2) an identity of the cause of action; and (3) a final judgment on the merits on the first suit. Id.

Plaintiff's instant challenge to the bigamy statute meets all of the elements of both collateral estoppel and res judicata. Plaintiff raised the same claims and issues in the first lawsuit, against the same defendant (the State of Illinois), the issue was fully litigated, Judge St. Eve's ruling was essential to the final judgment which, as to bigamy, was a valid and final judgment on the merits that was never appealed. Consequently, plaintiff's challenge to the bigamy statute is precluded by federal common law.[2]

As to the adultery and fornication statutes, 720 ILCS 5/11-35, 5/11-40, Judge St. Eve held that plaintiff lacked Article III standing to bring pre-enforcement challenges. Mayle, 17 C 449 (Doc. 28 pp.3-4). This court agrees with Judge St. Eve that although plaintiff alleges that he reasonably fears that the state will enforce the statutes against him, "he has not alleged a plausible claim that there is a credible threat of prosecution under the circumstances." Id. (citing Simic v. City of Chicago, 851 F.3d 734, 738 (7th Cir. 2017)). "[S]tatutes regarding `adultery or fornication . . . remain on the books, archaic and unenforced, as a residue of legislative inertia.'" Id. (quoting Pena v. Mattox, 84 f.3d 894, 900 (7th Cir. 1996).

---

[2] The court also agrees with Judge St. Eve that plaintiff fails to state a claim on based on the long-standing Supreme Court decisions cited above.

The Illinois adultery and fornication statutes "have fallen into disuse." American Civil Liberties Union of Illinois v. Alvarez, 679 F.3d 583, 592 (7th Cir. 2012). Illinois has not successfully prosecuted these statutes in decades. Mayle, 17 C 449, Doc. 31 p.2 (May 12, 2017). Consequently, the concludes that plaintiff has not and cannot establish a "credible threat of prosecution" under the challenged statutes. See Susan B. Anthony List v. Driehaus, 573 U.S. 149, 160 (2014). Plaintiff thus lacks standing to bring a pre-enforcement challenge to the adultery and fornication statutes.

## CONCLUSION

For the reasons set forth above defendants' motion to dismiss [Doc. 14] is granted.

**ENTER:** **March 7, 2019**

*Robert W. Gettleman* (signature)

**Robert W. Gettleman**
**United States District Judge**